UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
Case No.: 2:25-cv-00020-TBM-RPM

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

JUN 27 2025

ARTHUR JOHNSTON
BY _____ DEPUTY

**Michelle Brown,**
Plaintiff,

v.

**Professional Security Corporation,**
Defendant.

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO QUASH SERVICE

COMES NOW the Plaintiff, **Michelle Brown**, appearing *in propria persona*, and respectfully submits this **Response in Opposition to Defendant's Motion to Quash Service of Process**. For the reasons set forth below, the motion is untimely, procedurally improper, and without merit. It should be denied.

### I. INTRODUCTION

Defendant **Professional Security Corporation** was properly served on **June 4, 2025**, as evidenced by the **Proof of Service** filed with the Court, which specifically indicates that service was made upon **Brian Dickson**, designated on the form as **"authorized by law to accept service of process on behalf of Professional Security Corporation."** Defendant failed to file any responsive pleading or motion within the **21-day deadline** required by **Federal Rule of Civil Procedure 12(a)(1)(A)(i)**.

Rather than timely respond or seek an extension, Defendant waited until **after the deadline** had passed to file a **Motion to Quash**, an effort that appears intended solely to avoid the consequences of default. This motion is a belated and tactical attempt to evade default judgement and this tactic is **procedurally improper** and demonstrates **bad faith, as this is an attempt for the fraud Professional Security to continue to be masked.**

### II. SERVICE WAS LEGALLY SUFFICIENT UNDER FEDERAL AND MISSISSIPPI LAW

Service of process upon a corporation is governed by **Fed. R. Civ. P. 4(h)(1)(B)** and **Mississippi Rule of Civil Procedure 4(d)(4)**.

### A. Federal Rule

Under **Fed. R. Civ. P. 4(h)(1)(B)**, service may be made by delivering the summons and complaint to:

"an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."

The Proof of Service form in this case **expressly states** that **Brian Dickson** was served **as an agent authorized by law**. There is **no affidavit or evidence** from the Defendant refuting this designation or explaining why Mr. Dickson was not so authorized. Where a process server reasonably believes that the individual served is authorized to accept service, and the corporation **receives actual notice**, courts are reluctant to invalidate service. If said registered, general or managing agent, president or officer is unavailable, **it is acceptable** to leave with any other authorized agent by appointment or by law, hence the process server checking the third box checked and **NOT** the first box which would indicate Brian Dickinson as a general individual to the company that was served. See **Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.**, 840 F.2d 685, 688 (9th Cir. 1988).

### B. Mississippi Rule

Mississippi law is consistent. Under **Miss. R. Civ. P. 4(d)(4)**, service on a corporation is valid if made on:

"an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process."

In **Bloodgood v. Leatherwood**, 25 So. 3d 1047, 1050 (Miss. 2010), the Mississippi Supreme Court emphasized that **substantial compliance with Rule 4 is sufficient**, particularly where **actual notice** is achieved. The court further held in **Watkins v. Gluckstadt Hldg. Co.**, 198 So. 3d 1100 (Miss. Ct. App. 2016), that service should not be quashed merely because of a technical defect where the purpose of service — notice and an opportunity to defend — was satisfied.

Here, the Defendant **had actual notice** and fails to allege any prejudice or misunderstanding. Brian Dickson was "designed by law to accept service" for Professional Security Corporation, as this was verified by the process server, hence the proper box being checked on the Proof of Service. The designation was made under penalty of perjury by a federal officer (U.S. Marshal), and no sworn statement has been offered to rebut it. The Defendant had proper and timely notice of all documentation pertaining to said lawsuit. The Defendant chose to act in bad faith.

### III. THE MOTION IS PROCEDURALLY UNTIMELY AND FILED IN BAD FAITH

Defendant's motion was filed **after the expiration of the 21-day deadline** under **Rule 12(a)**, without requesting leave of Court or offering good cause for the delay. Once the response window closed, Plaintiff was entitled to seek **Entry of Default** under **Rule 55(a)**.

Mississippi courts **disfavor procedural tactics** used to circumvent justice. In **Lewis Entm't v. Brady**, 142 So. 3d 396, 399 (Miss. Ct. App. 2014), the court **denied a late** Rule 12 motion where the party **failed** to act diligently and **"waited until they were facing default consequences."**

This Court should similarly **reject** Defendant's effort to avoid responsibility through **delay** and **evasion**. This is an attempt for the Defendant's fraudulent activities mentioned in the complaint to be suppressed.

The unsubstantiated claim that "the wrong party was served" is insufficient. Courts routinely defer to the **return of service** as **prima facie evidence of proper service**, which can only be overcome with clear and convincing evidence — which Defendant has failed to present.

## IV. RETURN OF SERVICE IS PRESUMED VALID

The Fifth Circuit has held that a signed return of service is **prima facie evidence of valid service**, and such evidence may only be overcome with **clear and convincing evidence.**

*See* **Norris v. Causey,** 869 F.3d 360, 369 (5th Cir. 2017).

Defendant submitted only a copy of its Secretary of State filing, which lists **William R. Banks** as the registered agent and **Fabian Parish** as President. However, this does **not exclude** the possibility that other individuals — such as Brian Dickson — are authorized in practice or under agency law to accept service.

Federal courts have consistently recognized the doctrine of **apparent authority**, where service is valid upon someone who presents themselves — or is reasonably believed — to have authority to accept legal documents.

*See* **Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.,** 840 F.2d 685, 688 (9th Cir. 1988).

Defendant has offered **no affidavit from Brian Dickson**, nor any declaration from corporate officers, to dispute his authority or explain how the service was defective beyond the name on their annual report. Without sworn rebuttal, the return of service stands.

## V. ACTUAL NOTICE WAS ACHIEVED; NO PREJUDICE EXISTS

Even if the Court finds a technical issue with service, Defendant's motion must still fail because:

- Defendant **received actual notice**;

- Plaintiff complied in good faith with the Court's service order;

- Defendant **suffered no prejudice**, as it clearly had an opportunity to respond and chose instead to delay.

Mississippi courts reject rigid formalism when it obstructs justice.

*See* **Bloodgood v. Leatherwood,** 25 So. 3d 1047, 1050 (Miss. 2010) (actual notice and good faith sufficient);
*See also* **Watkins v. Gluckstadt Holding Co.,** 198 So. 3d 1100 (Miss. Ct. App. 2016) (finding service valid when functionally sufficient and no prejudice shown).

Defendant's failure to timely appear or answer before the 21-day deadline — followed by a motion to quash **only after default became likely** — demonstrates tactical delay, not procedural necessity.

## VI. DEFENDANT HAS NOT MET ITS BURDEN TO QUASH SERVICE

It is well-settled that the party challenging service bears the burden of proving its insufficiency. See *DeMello v. United States*, No. 1:14-CV-16-KS-MTP, 2015 WL 7758538, at *3 (S.D. Miss. Dec. 1, 2015)*. While Defendant has submitted a copy of its Secretary of State registration identifying a registered agent & president, this alone does not establish that **Brian Dickson** was unauthorized to accept service, nor does it negate the validity of the service already performed.

The **Proof of Service**, executed by a federal process server, clearly states that Brian Dickson was **"designated by law to accept service on behalf of the corporation."** Courts routinely hold that a properly executed return of service is **prima facie evidence of valid service**, and such evidence may only be rebutted by **clear and convincing proof**. See *Norris v. Causey*, No. 1:12-CV-211-HSO-RHW, 2014 WL 4799055, at *5 (S.D. Miss. Sept. 26, 2014). Defendant has failed to submit any **sworn affidavit, testimony, or declaration** from Brian Dickson or another corporate officer to dispute that he was authorized or that service was improper.

The mere existence of a different registered agent on file does **not preclude actual or apparent authority** of another individual to receive process, particularly where **actual notice was received** and no prejudice has been demonstrated. See *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).

## VII. CONCLUSION

Plaintiff has complied with the Federal Rules of Civil Procedure and the laws of Mississippi governing service on corporate defendants. The Defendant's motion is untimely, unsupported by law or fact, and amounts to a bad faith attempt to delay the inevitable.

Accordingly, Plaintiff respectfully requests that the Court:

1. **DENY** Defendant's Motion to Quash Service of Process;
2. Allow the Clerk to proceed with **Entry of Default** under Rule 55(a); and
3. Grant such other relief as the Court deems just and proper.

Respectfully submitted this 27th day of June, 2025.

/s/ **Michelle Brown** *Michelle Brown*
Michelle Brown
1430 W 7th Street
Hattiesburg, MS 39401
Phone: (504) 473-5373
Plaintiff, *in propria persona*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
Case No.: 2:25-cv-00020-TBM-RPM

**Michelle Brown,**
Plaintiff,
v.
**Professional Security Corporation,**
Defendant.

**CERTIFICATE OF SERVICE**

I, **Michelle Brown**, hereby certify that on this 27th day of June, 2025, I caused true and correct copies of the following documents:

- **Plaintiff's Response in Opposition to Defendant's Motion to Quash Service of Process**
- **Memorandum of Law in Support of Response in Opposition**
- **Affidavit of Michelle Brown in Support of Response**
- **This Certificate of Service**

to be served upon the following counsel of record by depositing the same in the United States Mail, first-class postage prepaid, addressed as follows:

**G. Todd Butler**
PHELPS DUNBAR LLP
1905 Community Bank Way, Suite 200
Flowood, Mississippi 39232
Counsel for Defendant
Professional Security Corporation

Respectfully submitted,

**/s/ Michelle Brown**
Michelle Brown
1430 W 7th Street
Hattiesburg, MS 39401
(504) 473-5373
Plaintiff, *in propria persona*