IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**MICHELLE BROWN**                                                                          **PLAINTIFF**

**v.**                                                            **CIVIL ACTION NO. 2:25-cv-20-TBM-RPM**

**PROFESSIONAL SECURITY
CORPORATION**                                                                      **DEFENDANT**

## ORDER

Michelle Brown, proceeding *pro se* and *in forma pauperis*, filed this employment discrimination action against her former employer, Professional Security Corporation. The Court directed service of process and the summons and Complaint were served on Brian Dickson, the vice president of Professional Security Corporation. A few weeks later, Professional Security Corporation moved to Quash Service of Process [12] arguing that Brian Dickson was not an officer or registered agent authorized to receive service of process on behalf of Professional Security Corporation. After conducting a hearing, United States Magistrate Judge Robert P. Myers found service was improper and granted the Motion to Quash. [31]. Rather than requiring Brown to reattempt service of process, however, Professional Security Corporation filed a notice of Waiver of Service of Process [30] after the hearing.

Despite having the opportunity to present argument at the hearing on the Motion to Quash, Brown has now filed a Motion [33] to vacate Judge Myers' Order [31] granting Professional Security Corporation's Motion to Quash Service of Process [12]. In her Motion, Brown reasserts her prior argument that service was proper under Rule 4 of the Federal Rules of Civil Procedure because Professional Security Corporation had "actual notice," and service was therefore "valid and presumptively proper." [33], p. 2. As a result, Brown asks this Court to "enforce default under Rule

55(a)." *Id.* at p. 1. Judge Myers did not err under any standard of review. Brown's Motion [33] is denied, and her Objection [34] is overruled. Brown is warned that sanctions may be imposed if she continues to file frivolous pleadings in the future.

## I. STANDARD OF REVIEW

The decision of a magistrate judge is reviewed *de novo* where that decision is dispositive. *See* 28 U.S.C. § 636(b)(1)(B)-(C). And a district court applies the "clearly erroneous or contrary to law" standard when reviewing the magistrate judge's resolution of non-dispositive matters. *See* 28 U.S.C. 636(b)(1)(A); Fed. R. Civ. P. 72(a). If the district court determines that the ruling is clearly erroneous or contrary to law, it may modify or set aside the ruling. *United States v. Case*, No. 3:06-cr-210-WHB, 2008 WL 1958176, *1 (S.D. Miss. 2008).

## II. DISCUSSION AND ANALYSIS

Brown objects to Judge Myers' Order [31] granting Professional Security Corporation's Motion to Quash Service of Process and asks this Court to vacate Judge Myers' finding that service was improper. [33]; [34]. Brown argues that "[e]ven if the Court finds a technical issue with service, Defendant's motion must be vacated because: Defendant received actual notice . . . The Plaintiff complied in good faith with the Court's service order . . . Defendant suffered no prejudice . . . Plaintiff will suffer continued harm and prejudice." [34], pps. 6-7. As a result, Brown requests this Court to "direct the Clerk of Court to enter default against the Defendant pursuant to Rule 55(a)." [33], p. 3. The Court will not.

As aptly explained by Judge Myers at the hearing on this matter, "[i]t's a fundamental building block that nothing can happen until [Professional Security Corporation] actually receive[s] legal and appropriate notice." [38], p. 25. Indeed, "[p]roper service of process is an essential part

of the procedure for establishing and proving personal jurisdiction," and "[i]n the absence of valid service of process, proceedings against a party are void." *Fetty v. La. State Bd. of Priv. Sec. Exam'rs*, 611 F. Supp. 3d 230, 239–40 (M.D. La. 2020) (citing *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1349 (5th Cir. 1992); *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981)). Rule 4(h)(1) of the Federal Rules of Civil Procedure mandates that service on an unincorporated association, such as an LLC, must be completed by service on "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" FED. R. CIV. P. 4(h)(1). "The rules on service of process are to be strictly construed." *Kolikas v. Kolikas*, 821 So. 2d 874, 878 (Miss. Ct. App. 2002) (citing *Birindelli v. Egelston*, 404 So. 2d 322, 323–24 (Miss. 1981)). And when an objection is made, the plaintiff has the burden to demonstrate valid service. *Carmini v. Royal Caribbean Cruise Line, Inc.*, 959 F. 2d 1344, 1346 (5th Cir. 1992). Brown fails to do so.

To begin, Professional Security Corporation is an LLC whose sole officer and owner is Fabian Parish. And according to Mississippi's Secretary of State website, at the time of attempted service, Brian Dickson was not listed as an officer or registered agent authorized to receive service of process on behalf of Professional Security Corporation. [12-1]. Although Brown argues that Professional Security Corporation had "actual notice" of this action as a result of the attempted service on Brian Dickson, the Fifth Circuit has explicitly held that even where "the defendants may have received notice of the civil action, actual notice is not sufficient service of process." *Ellibee v. Leonard*, 226 F. App'x 351, 357 (5th Cir. 2007) (citing *Way v. Mueller Brass Co.*, 840 F. 2d 303, 306 (5th Cir. 1988)). Thus, despite Brown's attempt to effect service of process, this Court agrees that service on Brian Dickson was ineffective. *Perry v. Andy*, 858 So. 2d 143, 148 (Miss. 2003) ("A review

of federal jurisprudence on this issue reveals that *pro se* status in and of itself does not excuse plaintiffs' failures to comply with Rule 4 service of process requirements.").

Regardless, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). In other words, even if Brown's service of process on Brian Dickson was proper—which it was not—Brown would still not be entitled to a default judgment against Professional Security Corporation. Indeed, the Fifth Circuit has repeatedly held that "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Id.* (citation omitted). The factors for a default judgment are simply not met. *Lindsayca USA, Inc. v. Petroleos de Venzuela, S.A.*, No. 4:21-cv-00037, 2022 WL 3588041, at *4 (S.D. Tex. Aug. 22, 2022), *report and recommendation adopted sub nom.*, No. 4:21-cv-00037, 2022 WL 4588588 (S.D. Tex. Sep. 29, 2022) ("(1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the Court would consider itself obligated to set aside a default on the defendant's motion.") (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). As a result, Brown's request for default judgment is denied. *See also Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999) ("When a district court lacks jurisdiction over a defendant because of improper service of process, the default judgment is void and must be set aside under Federal Rule of Civil Procedure 60(b)(4).").

Under a *de novo* standard, or any standard, Judge Myers did not err.

## III. CONCLUSION

IT IS ORDERED that Michelle Brown's Motion [33] to vacate Judge Myers' Order [31] and enter a default judgment against Professional Security Corporation is DENIED.

IT IS FURTHER ORDERED that Michelle Brown's Objection [34] to Judge Myers' Order [31] is OVERRULED.

This, the 3rd day of March, 2026.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE